Gilmore, J.
Passing over some of the assignments of error, which will be incidentally noticed hereafter, those of most importance, without reference to the order in which they are assigned, will be first considered. They are: First. That the court erred in refusing to give the special instructions requested by the defendant below. Second. That the court erred in its instructions to the jury.
The charge requested by the defendant and refused by the court was in effect this: That the plaintiff could not recover on the contract, unless his assignor had fully performed it in every respect in accordance with its terms.
The question here raised belongs to a class upon which the authorities are conflicting.
It is claimed by counsel for plaintiff' in error that it falls within the rule established by the following cases: Witherow v. Witherow, 16 Ohio, 238; Larkin v. Buck, 11 Ohio St. 561, and Allen v. Curles, 6 Ohio St. 505.
Witherow’s case arose out of a contract for the sale of a specified quantity of corn to be delivered within a designated period, to be paid for at a stipulated price after the delivery of the entire quantity of corn contracted for.
The seller delivered a portion of the corn and refused to deliver the residue. It was held that the contract was entire, and that the seller was not entitled to recover under the contract or otherwise for the portion of corn delivered.
In Larkin’s case there was a contract for six months’ services. The plaintiff' labored one month and quit without the fault of the employer. The court found the con *105 tract to be entire, and held that the plaintiff was not entitled to recover for the month’s services rendered.
Allen’s case was this: He agreed to prepare and furnish the materials and build for Curies a saw-mill, to be completed by a specified time, for five hundred dollars, to be paid after the work was completed. Allen laid the foundation walls and raised the frame of the mill, which were worth two or three hundred dollars, and then abandoned the work. There was no evidence that Curies was in fault, or that he had accepted or taken possession of the work as performed. It was held that Allen could not recover for the labor done or materials furnished in part performance ■of the contract.
In each of these eases the court found the contract to be entire and subsisting. Nothing appeared in either of the cases indicating that there had been an intention to comply with the contract by the party seeking to recover upon it; •or, on the other hand, an intention to waive a strict performance of it by the party defending against a recovery. If either of these, or anything else equivalent to them, had .appeared in the cases, they would not have fallen within the rule of law recognized in the cases. This is apparent from what was said by the court in each of the cases. In Witheroio’s case the court said: “ So, in a contract like the one now under consideration, if there were any matter which would evince that the vendee had waived full performance, or that the vendor had been prevented by inevitable accident from full performance, he might recover for the corn actually delivered.”
In Allen’s case it is said: “ Where the undertaking is to do work and furnish materials under the terms of a special ■contract, and the work is abandoned after part performance and left unfinished by the fault of the workman, in the absence of all evidence showing the assent of the employer or his acceptance of the part finished, there can be no recovery pro tanto upon any established principle known to the law.”
In Larkin’s case Judge Peck states the question to be: *106 “Whether a contract for service upon a farm for six months-certain, at a specified rate per month, no time being expressed therein for its payment, confers upon him who renders the service the legal right to sue for a partial performance, when he voluntarily abandons such service, without' justification or excuse, at the end of the first month.”
The principle of law recognized by these cases is this: That the courts will not encourage the violation of agreements by relieving the defaulting party from the intentional and unjustifiable breach of his agreement, and allowing him to recover fro tanto for the part performance of a contract that is entire; where the other contracting party is not in fault, and has not waived a full performance by acceptance or otherwise.
It is not our intention to modify the law as thus recognized and applied in the cases cited.
Is the case before us distinguishable from them? We think it is. Here it is apparent that the contract has been substantially performed by the contractor in accordance-with the plans and specifications, as verbally changed by consent of parties during the progress of the work, as to the size, form, and materials of some parts of the building, leaving but little to be done to complete it. For the purpose of regulating.the extent of payments to be made as the building progressed, the work was apportioned, commencing with a sum to be paid “ when the digging is done,” and specified sums to be paid as designated intermediate portions were respectively “ done,” and a designated sum “ when the work is completed.” These sums amount in the aggregate to over $10,000, all of which seem to have been promptly paid by Goldsmith without objection ; and when so substantially completed, he took possession of the house, and appears to be using it for the purposes for which it was built.
From all that is shown in connection with the above, it is to be fairly inferred that the contractor intended to comply with and perform the contract according to its terms,, and indeed claimed on the trial to have done so.
*107 The fact that it was provided that payments were to be made concurrently with the progress of the work, shows that the contract was not entire, in the sense that the employer had the right to insist upon full performance of it as a condition precedent to the right of the contractor to receive any compensation. And, in the absence of other testimony, the fact that payments were made as designated portions of the work were respectively done, would justify the presumption that the portions thus paid for were accepted, or that such payments were implied waivers of the right to object to the portions of the work upon which the payments were so made.
These features of the case, in addition to the fact that the employer was occupying and using the building for the purposes for which it was constructed, clearly distinguishes it from the Ohio cases above noticed, and that the rights of the parties must be ascertained in this case by some other than the rigid rule that was applied in those cases.
We think that where parties have dealt with each other as these parties respectively have in reference to the contract and the mode of its performance, and the owner of the lot has chosen to go into the occupancy and use of the building erected upon it, thereby appropriating to himself the fruits of the contract, he ought, on the plainest principles of justice, to pay for them at the contract price, less such sums'for delay, defective work, or inferior materials, etc., as the owner is in equity entitled to have deducted. This view seems to be in accord with the authorities of some of the other states on the subject.
Some of these, which appear to be directly in point, will be noticed.
In Jewett v. Weston, 11 Maine, 346, a house was to be built by contract. There was a deviation. The defendant took the house, and the plaintiff was allowred to recover the contract price, less such sum as would compensate the defendant for any failure of fulfillment.
In White v. Oliver, 36 Maine, 92, it was held that: “ Upon the erection of a building under a special contract, the con *108 tractor, though he may have departed from the contract as to the size of the building and quality of the work, yet, if the building has been accepted, is entitled to recover for the labor and materials at the contract price, deducting so much as they are worth less on account of the departures.”
In Hayward v. Leonard, 7 Pick. 181, the facts were-very similar to those in the case before us, and it was in effect held, that where H. had entered into a special contract to perform work for L., and to furnish materials, and the work was done and the materials furnished, but not in the .manner stipulated for in the contract, . . . H. might maintain an action against L. on a quantum meruit for his labor, and -a quantum valebant for the materials, and the proper measure of damages was the contract price of the house, deducting from it so much as the house was worth less, on account of the variations from the contract.
The rule adopted in these eases for ascertaining the amount due in eases like the one before us, is, we think, the correct one. It will be seen that the court below, in its charge to the jury, substantially followed the rule as laid down in the case last cited. We are of opinion that the court below did not err either in refusing to give the special charge requested, or in the charge as given.
Several of the other errors assigned relate to matters that were entirely discretionary with the court, and therefore -not reviewable on error. Others are assigned in which we find no error, and they need not be further noticed.

Motion overruled.

McIlvaine, C. J., Welch, White, and Rex, JJ., concurred.